IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00209-01-CR-W-ODS |
| ANDRE D. ECHOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On August 24, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Ortrie Smith. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On July 14, 2009, an indictment was returned, charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A change-of-plea hearing was held on August 24, 2009. Defendant was present, represented by appointed counsel Larry Pace. The government was represented by Assistant United States Attorney Brent Venneman. The proceedings were recorded and a transcript of the hearing was filed on August 25, 2009.

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

2

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On July 14, 2009, an indictment was returned charging Defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Tr. at 4). The court read the charge against Defendant and Defendant indicated that he understood the nature of the charge (Tr. at 4).

3. The statutory penalty for being a felon in possession is not more than ten years imprisonment, a fine of not more that $250,000, not more than three years supervised release and a $100 special assessment fee (Tr. at 4). Defendant was informed of the penalty range and indicated that he understood (Tr. at 4).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That he has the right to assistance of counsel throughout the trial (Tr.

3

at 5);

      c.      That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 5-6);

      d.      That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 6);

      e.      That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 6); and

      f.      That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7).

5.      Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 7-8).

6.      Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 8). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 8). Defendant stated that he understood (Tr. at 8).

7.      Government counsel stated that this has been an open file case (Tr. at 8). If this case were to be tried, the government's evidence would be that on June 21, 2009, there was an argument between Charlotte Parks, who was then a live-in girlfriend, at Defendant's house at 4026 Garfield in Kansas City Missouri (Tr. at 8). The police responded to Defendant's house concerning a domestic disturbance (Tr. at 8-9). While they were speaking to Defendant in front of the house, Defendant shut or slammed the door and, shortly thereafter, the police heard a gunshot inside the

4

Case 4:09-cr-00209-ODS   Document 30   Filed 08/27/09   Page 4 of 7

house (Tr. at 9). Defendant exited the house and was arrested (Tr. at 9). Police recovered a shotgun, a JC Higgins Model 66 12-gauge shotgun, from the living room of Defendant's house (Tr. at 9). Defendant admitted that he had handled the shotgun and was trying to unload it (Tr. at 9). He stated that the gun actually belonged to Ms. Parks but that he knew it was in the house, handled it and was taking ammunition out of the gun to give it back to Ms. Parks when it went off (Tr. at 9). Records show that on this date or prior, Defendant had been convicted of a felony, that is, robbery in Jackson County, Missouri, in 1997, for which he was sentenced to twelve years and placed on probation (Tr. at 9). The government's evidence would also show that the gun was manufactured in Connecticut and, thus, had to have crossed state lines in order for it to be discovered in Kansas City, Missouri (Tr. at 9).

  8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 9-10).

  9. Defendant was placed under oath (Tr. at 10). He stated that he was residing in the Western District of Missouri on June 21, 2009 (Tr. at 10). At the time, he had suffered at least one prior felony conviction (Tr. at 10). Defendant stated that on June 21, 2009, he knowingly possessed at JC Higgins Model 66 12-gauge shotgun (Tr. at 10-11). He did not dispute that the shotgun was manufactured in another state and traveled across state lines to be in Missouri on June 21, 2009 (Tr. at 11).

    In his own words, Defendant stated he was trying to return the gun to Ms. Parks (Tr. at 11). When doing so, he laid the gun down and it went off (Tr. at 11). Defendant stated he had not known the gun was loaded, so he proceeded to remove the live rounds (Tr. at 11). Defendant's previous conviction was for first-degree robbery and he was placed on three years probation (Tr. at

11-12).

10. Defendant understood that there was not a plea agreement (Tr. at 12). No one made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 12).

11. Defendant is satisfied with the representation he has received from Mr. Pace (Tr. at 12). There is nothing he has done that Defendant did not want him to do, and there is nothing he wanted him to do that he has not done (Tr. at 12-13).

12. Defendant is 38 years old (Tr. at 13). He completed high school and two years of college (Tr. at 13). Defendant has no difficulty reading, writing and understanding English (Tr. at 13). Defendant has no mental or physical health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to this charge (Tr. at 13). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 13-14).

13. Defendant tendered a plea of guilty to the crime charged in the indictment (Tr. at 14).

## V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for being a felon in possession include: (1) the defendant was previously convicted of a crime punishable by imprisonment exceeding one year; (2) the defendant knowingly possessed a firearm; and (3) the firearm had been in or had affected interstate commerce. United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in the indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 26, 2009